**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| S.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:25-cv-54 |
| | ) | (Judge Bailey) |
| Pressley Ridge, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**PRESSLEY RIDGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Pressley Ridge, by and through its undersigned counsel, K&L Gates LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits this Memorandum of Law in Support of its Motion to Dismiss to the Complaint filed by Plaintiff S.W.

## I.    INTRODUCTION

The question in this lawsuit is not whether the alleged abuse that Plaintiff suffered is acceptable.  Obviously, it is not.  Rather, the question in this lawsuit is whether the Plaintiff is entitled to relief under the law for the claims asserted in the Complaint against the alleged abuser's purported employer, Defendant Pressley Ridge.  He is not.

It is well established that Plaintiff must plead facts, as opposed to legal conclusions, to support his claims.  The Complaint, however, is replete with generalities, legal conclusions, and scandalous allegations that have nothing to do with Pressley Ridge.  Indeed, Plaintiff includes an entire section about "Sexual Abuse of Minors at Juvenile Residential Institutional Facilities" *i.e.*, juvenile detention centers, even though Pressley Ridge has never operated such a center.

The Complaint also asserts a host of so-called "facts"–such as the allegations contained in a section titled "Facts Common to All Plaintiffs at Pressley Ridge"–that aren't facts at all but,

instead, are generalities and legal conclusions involving non-existent plaintiffs that are copy and pasted nearly verbatim from similar lawsuits. *Compare* Complaint ("Compl."), ¶¶ 13–48, 62–78, *with A.I. et al. v. Abraxas Youth & Fam. Servs. et al.*, GD-24-007976, Compl., ¶¶ 12-50, 333-383 (Allegheny Cnty. Ct. Com. Pl. July 2024).   Plaintiff's failure to assert facts that establish the elements of his claims is fatal.

Therefore, as discussed more fully below, Plaintiff's Complaint against Pressley Ridge should be dismissed in its entirety because Plaintiff failed to plead facts sufficient to state a claim against Pressley Ridge upon which relief can be granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 7, 2025, Plaintiff commenced this action by filing a Complaint against Pressley Ridge asserting the following four causes of action: negligence (Count 1); negligent supervision (Count 2); negligent hiring, training, and retention (Count 3); and breach of fiduciary duty (Count 4). *See* Compl., ¶¶ 79-98.

Plaintiff alleges that he was abused by a purported Pressley Ridge employee[2] at a Pressley Ridge facility in Walker, West Virginia in 2004 or 2005 when he was approximately fifteen years old. *Id.* at ¶¶ 49, 51.  Other than alleging facts relating to his purported abuse, the Complaint is otherwise devoid of any factual allegations establishing that Pressley Ridge, as opposed to the accused, is liable for Plaintiff's alleged abuse.

---

[1] This factual background is taken from the allegations in the Complaint.  Pressley Ridge accepts as true the allegations in the Complaint solely for the purposes of this motion to dismiss and reserves its right to dispute the allegations in the Complaint if its motion to dismiss is denied and the case proceeds.

[2] Plaintiff asserts that the individual who allegedly abused him was an employee of Pressley Ridge.  However, the accused is not identified by his full name in the Complaint.  As a result, Pressley Ridge is unable to determine the identity of the accused individual and, therefore, is unable to determine whether it employed the accused.

### III.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007).  Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009).  While detailed factual allegations are not necessary, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

Moreover, although factual allegations are presumed to be true, legal conclusions contained in the complaint are not entitled to a presumption of truth.  *See*, *e.g.*, *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Twombly*, 550 U.S. at 555-58; *Rodriguez v. Doe*, 549 Fed. App'x. 141, 145 (4th Cir. 2013) (quoting *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir.2011)).  Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555-58 ("Naked assertion[s]" devoid of "further factual enhancement" are insufficient to survive a motion to dismiss.).  Legal conclusions may provide the framework of a complaint, "but they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

Also, the allegations must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Unless a plaintiff is able to nudge claims "across the line from conceivable to

plausible," the complaint must be dismissed.  *Id.* at 570; *see also Iqbal*, 556 U.S. at 678

(complaint that "pleads facts that are merely consistent with a defendant's liability . . . stops short

of the line between possibility and plausibility of entitlement to relief") (quotations omitted).

## IV.    ARGUMENT

**A.    Plaintiff's Claims Are Barred By the Statute of Limitations.**

Plaintiff's claims against Pressley Ridge are subject to the two-year personal injury

statute of limitations, unless Plaintiff can establish that a tolling provision applies.  *See*, *e.g.*, W.

Va. Code § 55-2-12 (setting forth statute of limitations for negligence, negligent supervision,

negligent hiring, training, and retention, and breach of fiduciary duty); *Evans v. United Bank,*

*Inc.*, 775 S.E.2d 500, 508 (W. Va. 2015); *Bishop v. W. Va. Reg'l Jail and Corr. Fac. Auth.*, No.

2:17-CV-03064, 2018 WL 1513294, at *3 (S.D. W. Va. March 26, 2018).  He cannot.

Based on the allegations in the Complaint, Plaintiff is relying on the tolling statute for

sexual abuse of minors set forth in Section 55-2-15(a) of the West Virginia Code to argue that his

claims against Pressley Ridge are timely.  *See* Compl., ¶¶ 6, 50.  While Plaintiff's argument may

be true if he had filed suit against the individual accused of abuse,[3] Plaintiff's argument fails as a

matter of law with respect to Pressley Ridge.

Indeed, Section 55-2-15(a) allows two distinct situations in which the statute of

limitations is tolled for an action in damages resulting from sexual assault or abuse of a minor:

> A personal action for damages resulting from sexual assault or sexual abuse of a
> person who was an infant at the time of the act or acts alleged, <u>shall be brought</u>
> <u>against the perpetrator</u> of the sexual assault or sexual abuse, within 18 years after
> reaching the age of majority, or within four years after discovery of the sexual
> assault or sexual abuse, whichever is longer. A personal action for damages
> resulting from sexual assault or sexual abuse of a person who was an infant at the

---

[3] Plaintiff alleges that "Chief George" abused him.  *See* Compl., ¶¶ 51-59.

time of the act or acts alleged **shall be brought against a person or entity[4] which aided, abetted, or concealed the sexual assault or sexual abuse** within 18 years after reaching the age of majority.

W. Va. Code § 55-2-15(a) (emphasis added).

Plaintiff does not, and cannot, allege that Pressley Ridge was the perpetrator of his abuse. *See gen.*, Compl. (alleging that "Chief George" abused him). Therefore, in order to establish that the two-year statute of limitations in Section 55-2-12 is tolled for Plaintiff's claims against Pressley Ridge, Plaintiff must establish that Pressley Ridge "aided, abetted, or concealed the sexual assault or sexual abuse." W. Va. Code § 55-2-15(a). Plaintiff does not, and cannot, do so.

Indeed, the Complaint does not contain any form of the words "aided," "abetted," or "concealed," let alone allege any facts establishing that Pressley Ridge "aided, abetted, or concealed [Plaintiff's alleged] sexual assault or sexual abuse." *See gen.*, Compl. This is not surprising because aiding, abetting, and concealing all require intent; a stark contrast to Plaintiff's claims against Pressley Ridge, which all rely on a negligence standard.[5]

Because Plaintiff does not, and cannot, allege–let alone establish–that Pressley Ridge aided, abetted, or concealed his alleged abuse, Plaintiff's causes of action are subject to the two-year statute of limitations for personal injuries. *See*, *e.g.*, W. Va. Code § 55-2-12; *Evans*, 775 S.E.2d at 508; *Bishop*, 2018 WL 1513294, at *3; Compl., ¶ 49. As a result, Plaintiff was required to file suit against Pressley Ridge by 2006 or 2007, two years following his alleged abuse. *See*,

---

[4] The Legislature's decision to use the word entity in the latter portion of subsection (a), but not in the former portion of subsection (a), implies that an entity cannot be the perpetrator for purposes of the tolling provision. *See*, *e.g.*, *South Carolina v. United States Army Corps of Eng'rs*, 66 F.4th 189, 195 ("We are loath to contradict the established principle that statutes must be interpreted to give each word some operative effect.") (quotations and citation omitted).

[5] The Complaint does not, and cannot, allege any intentional conduct on behalf of Pressley Ridge.

*e.g.*, *id*. Therefore, Plaintiff's claims against Pressley Ridge–which Plaintiff filed nearly two decades after his alleged abuse in 2025–are time barred. Accordingly, Plaintiff's claims in Counts 1 through 4 of the Complaint fail to state a claim against Pressley Ridge as a matter of law and should be dismissed in their entirety for this reason alone.

**B.    Plaintiff's Negligence Claim (Count 1) Should Be Dismissed Because Plaintiff's Alleged Abuse Was Outside of the Perpetrator's Scope of Employment.**

Plaintiff's negligence claim seeks to hold Pressley Ridge liable for the acts of the alleged perpetrator, Chief George, a purported Pressley Ridge employee.[6] *See* Compl., ¶¶ 79-84. However, it is well established under West Virginia law that an employer is only liable for the acts of its employees if those acts were committed within the course and scope of the employee's employment. *See*, *e.g.*, *McCune v. Aramark Corr. Servs., LLC*, No. 2:24-cv-00605, 2025 WL 6628816, at *3 (S.D. W. Va. Feb. 28, 2025) (quoting *Travis v. Alcon Lab'ys, Inc.*, 504 S.E.2d 419, 430-31 (W. Va. 1998); *Dunn v. Rockwell*, 689 S.E.2d 255, 259 (W. Va. 2009)).

"The West Virginia Supreme Court [of Appeals] has adopted the Restatement factors for determining whether conduct is within the scope of employment: 'if the conduct is (1) of the kind he is employed to perform; (2) occurs within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the master[;] and (4) if force is used, the use of force is not unexpectable by the mater." *McCune,* 2025 WL 6628816, at *3 (quoting *W. Va. Div. of Corr. & Rehab. V. Robins*, 889 S.E.2d 88, 103 (W. Va. 2023)). "The 'purpose' of the [employee's] act is of critical importance." *Id*. "Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or

---

[6] Chief George is not identified by his full name in the Complaint. *See gen.* Compl. Therefore, Pressley Ridge is unable to determine the identity of the alleged perpetrator and, therefore, is unable to determine whether it employed him.

space limits, or too little attenuated by a purpose to serve the master." *Id.*

The West Virginia Supreme Court of Appeals and Federal Courts in West Virginia uniformly hold that "sexual assaults committed on the job are not within the employee's scope of employment [as a matter of law]." *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 A.E.2d 751, 772 (W. Va. 2014); *see also McCune*, 2025 WL 662816, at *3-4; *Radford v. Hammons*, No. 2:14–24854, 2015 WL 738062, at *9-10 (S.D. W. Va. Feb. 20, 2015); *Doe v. Cabell Cnty. Bd. of Educ.*, No. 3:21-0031, 2023 WL 6055504, at *7 (S.D. W. Va. Sept. 15, 2023); *Searls v. W. Va. Reg'l Jail*, No. 3:15-9133, 2016 WL 4698547, at *3 (S.D. W. Va. Sept. 7, 2016).  Because the perpetrator's alleged abuse of Plaintiff was outside of the scope of his employment as a matter of law, Pressley Ridge is not liable for the perpetrator's alleged actions.  Accordingly, Plaintiff's negligence claim in Count 1 of the Complaint fails to state a claim against Pressley Ridge and should be dismissed.

**C.    Plaintiff's Negligent Supervision Claim (Count 2) Should Be Dismissed Because It Is Predicated Upon Alleged Intentional Conduct of a Purported Employee.**

In order to succeed on a negligent supervision claim under West Virginia law, a plaintiff must establish "that the employer failed to properly supervise its employee and, as a result, the employee committed a negligent act which proximately caused the [plaintiff's] injury." *C.C. v. Harrison Cnty. Bd. of Educ.*, 859 S.W.2d 762, 773-776 (W. Va. 2021); *see also Carroll v. USAA Sav. Bank*, No. 3:16-11120, 2017 WL 811491, at *3 (S.D. W. Va. March 1, 2017); *Smallwood v. W. Va. Div. of Corr. and Rehab.*, No. 5:24-cv-70, 2024 WL 5085972, at *3 (N. D. W. Va. Nov. 26, 2024); *Pajak v. Under Armour, Inc.*, No. 1:19-cv-160, 2023 WL 2726430, at *13 (N.D. W. Va. March 30, 2023); *Doe v. City of Gauley Bridge*, No. 2:21-cv-00491, 2022 WL 3587827, at *10 (S.D. W. Va. Aug. 22, 2022).

As a result, it is well established under West Virginia law that a negligent supervision

claim fails as a matter of law when the act of the employee forming the basis of the negligent supervision claim is intentional.  *See*, *e.g.*, *C.C.*, 859 S.W.2d at 773-776 (holding intentional conduct cannot form the basis of a negligent supervision claim as a matter of law); *Carroll*, 2017 WL 811491, at *3 (same); *Smallwood*, 2024 WL 5085972, at *3 (same); *Pajak*, 2023 WL 2726430, at *13 (same); *City of Gauley Bridge*, 2022 WL 3587827, at *10 (same).

Because Plaintiff alleges that Pressley Ridge's negligent supervision of the perpetrator proximately caused Plaintiff to be abused by the perpetrator, Plaintiff's negligent supervision claim is premised on intentional conduct.  *See*, *e.g.*, *C.C.*, 859 S.W.2d at 773-776 (affirming dismissal of negligent supervision claim because the employee's predicate conduct–assault and sexual harassment of a student–was intentional); *City of Gauley Bridge*, 2022 WL 3587827, at *10 (granting motion to dismiss negligent supervision claim because the employee's predicate conduct–sexual assault–was intentional).  Accordingly, Plaintiff's negligent supervision claim in Count 2 of the Complaint fails to state a claim against Pressley Ridge as a matter of law and should be dismissed.

**D.     Plaintiff's Negligent Hiring, Training, and Retention Claim (Count 3) Should Be Dismissed Because Plaintiff Fails to Allege the Requisite Elements.**

Count 3 of the Complaint asserts a claim against Pressley Ridge for "negligent, hiring, training, and retention."  *See* Compl., ¶¶ 89-93.  However, negligent hiring, negligent training, and negligent retention are separate causes of action under West Virginia law, each having "its own discrete elements."  *C.C.*, 859 S.E.2d at 772.  As a result, Pressley Ridge will address each cause of action separately.  Nonetheless, as discussed in more detail below, Plaintiff fails to state a claim for negligent hiring, negligent training, and negligent retention as a matter of law and, therefore, Count 3 of the Complaint should be dismissed in its entirety.

1.      **Plaintiff's Negligent Training Claim (Count 3) Should Be Dismissed Because It Is Predicated Upon Alleged Intentional Conduct of a Purported Employee.**

Like a claim for negligent supervision, a claim for negligent training under West Virginia law also requires that the predicate act of the employee was negligent as opposed to intentional. *See*, *e.g.*, *Carroll*, 2017 WL 811491, at * 3 ("If a complaint fails to identify an employee's negligent act, the claim for negligent training or supervision should be dismissed as a matter of law); *C.C.*, 859 S.E.2d at 74 ("West Virginia does not recognize a claim for negligent training or supervision without an underlying claim for employee negligence."); *Taylor v. Cabell Huntington Hosp., Inc.*, 538 S.E.2d 719, 725 (W. Va. 2000) ("Plaintiffs alleging negligent supervision or training must first make an underlying showing of a negligence claim as to an employee, and then demonstrate that the employee was negligently trained or supervised.").

Therefore, as discussed in Section IV.C. above, Plaintiff's negligent training claim is premised on intentional conduct.  Accordingly, Plaintiff's negligent training claim in Count 3 of the Complaint fails to state a claim against Pressley Ridge as a matter of law and should be dismissed.

2.      **Plaintiff's Negligent Hiring Claim (Count 3) Should Be Dismissed Because Plaintiff Does Not Make Sufficient Factual Allegations to State a Plausible Claim of Negligent Hiring.**

Count 3 of the Complaint asserts that Pressley Ridge was negligent in hiring the alleged perpetrator.  *See* Compl., ¶¶ 89-93.  However, as stated by the Supreme Court of Appeals in West Virginia, courts apply the following test for whether an employer is liable for negligent hiring:

> When the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee?  Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*City of Gauley Bridge*, 2022 WL 3577827, at *8 (quoting *McCormick v. W. Va. Dept. of Pub. Safety*, 503 S.E.2d 502, 506 (W. Va. 1998)).  "At [its] core, [a negligent hiring claim] center[s] 'on the employer's liability for hiring . . . an employee 'whom the employer knew, or should have known [at the time of hiring], posted a risk to third parties.'"  *G.B. v. Wood Cnty. Bd. of Educ.*, No. 2:24-cv-00220, 2025 WL 898075, at *6-7 (S.D. W. Va. March 24, 2025) (quoting *Radford*, 2015 WL 738062, at *9-10).

Plaintiff does not, and cannot, allege any facts establishing that Pressley Ridge could have foreseen the perpetrator's alleged abusive propensities at the time of hiring.  *See gen.*, Compl.  Indeed, the Complaint fails to allege any facts regarding Pressley Ridge's initial decision to hire the alleged perpetrator, any irregularities attendant to his hiring, or that a reasonable investigation into the perpetrator's background would have uncovered a history of sexual misconduct such that Pressley Ridge would have been on notice of the risk that the perpetrator may engage in inappropriate sexual behavior, among other things.  *See gen.*, Compl.

Therefore, Plaintiff has failed to allege facts sufficient to state a cause of action for negligent hiring.  *See*, *e.g.*, *C.C. v. Harrison Cnty. Bd. of Educ.*, 245 W. Va. 594, 859 S.E.2d 762, 773 (2021) (affirming dismissal of negligent hiring claim as a matter of law where all allegations occurred after the employee was hired, plaintiff did not allege any facts regarding defendant's initial decision to hire the employee or any irregularities attendant to the employee's hiring); *City of Gauley Bridge*, 2022 WL 3577827, at *8 (granting motion to dismiss negligent hiring claim because plaintiff failed to allege that any investigation into the employee's background would have uncovered a risk of the employee's inappropriate sexual behavior); *Pajak*, 2023 WL 2726430, at *12 (same); *G.B.*, 2025 WL 898075, at *6-7 (same).

Accordingly, Plaintiff's negligent hiring claim in Count 3 of the Complaint fails to state a

10

claim against Pressley Ridge as a matter of law and should be dismissed.

**3.      Plaintiff's Negligent Retention Claim (Count 3) Should Be Dismissed Because Plaintiff Does Not Make Sufficient Factual Allegations to State a Plausible Claim of Negligent Retention.**

It is well established under West Virginia law that liability for negligent retention may only be imposed "when an injury occurred as a result of an employer's retention of an 'unfit employee' and such risk of injury was reasonably foreseeable to the employer [prior to the injury occurring]." *C.C.*, 859 S.E.2d at 776 (quoting *McCormick*, 503 S.E.2d at 506); *see also G.B.*, 2025 WL 898075, at *6-7 ("The analysis focuses on whether (1) the employer (a) was on notice of the employee's propensity to cause harm or injury, (b) yet unreasonably failed to take action, and (2) a third-party was harmed from the employee's tortious conduct.").

Plaintiff does not, and cannot, allege any facts establishing that Pressley Ridge had any knowledge or notice of the alleged perpetrator's abusive propensities prior to Plaintiff's alleged abuse. *See gen.*, Compl.  Indeed, the Complaint is devoid of any allegation of a prior instance of abuse by the alleged perpetrator that would have put Pressley Ridge on notice of his abusive propensities. *See gen.*, Compl.; *see also G.B.*, 2025 WL 898075 at * 6-7 (granting motion to dismiss negligent retention claim because "[o]utside of the September 21, 2023 incident at issue here, Plaintiffs do not allege any prior instances of misconduct by Martin. Thus, they offer no facts suggesting that the Board should have known that Martin posed a risk of harm to students during her employment.").  Plaintiff also does not, and cannot, allege that he reported any of his alleged abuse to Pressley Ridge such that Pressley Ridge could be said to have been put on notice of the alleged perpetrator's abusive propensities. *See gen.*, Compl.

Therefore, Plaintiff has failed to allege facts sufficient to state a cause of action for negligent retention. *See*, *e.g.*, *Dial v. Higginbotham*, No. 3:22-0316, 2023 WL 2434293, at *8

(S.D. W. Va. Mar. 9, 2023) (granting motion to dismiss negligent retention claim because plaintiff had not alleged the defendant previously committed acts making his alleged wrongful interactions with plaintiff foreseeable); *G.B.*, 2025 WL 898075, at *7 (same).  Accordingly, Plaintiff's negligent retention claim in Count 3 of the Complaint fails to state a claim against Pressley Ridge as a matter of law and should be dismissed.

**E.    Plaintiff's Breach of Fiduciary Duty Claim (Count 4) Should Be Dismissed Because Plaintiff Does Not Make Sufficient Factual Allegations to State a Plausible Claim of Breach of Fiduciary Duty.**

"In West Virginia, in order to prevail on a breach of fiduciary duty claim, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) a breach; and (3) damage proximately caused by the breach." *Elgin Separation Sols., LLC v. Dillon*, No. 2:23-cv-00440, 2024 WL 3553850, at *18 (S.D. W. Va. July 25, 2024) (quoting *State ex rel. Affiliated Const. Trades Found. v. Vieweg*, 520 S.E.2d 854 (W. Va. 1999)); *see also Segal v. Dinsmore & Shohl, LLP*, No. 1:20-cv-267, 2021 WL 10353366, at *8 (N.D. W. Va. Sept. 30, 2021).  Plaintiff does not, and cannot, plead facts establishing any of these elements.

"A fiduciary duty is a 'duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person." *Dale v. Peoples Bank Corp.*, No. 1:24-cv-50, 2025 WL 904464, at *4 (N.D. W. Va. March 25, 2025) (quoting *Elmore v. State Farm Mut Auto. Ins. Co.*, 504 S.E.2d 893, 898 (W. Va. 1998)).  "The fiduciary duty is the highest standard of duty implied by law." *Elgin*, 2024 WL 3553850 at *18-19 (quoting *Elmore*, 504 S.E.2d at 898); *see also Cather v. Seneca–Upshur Petroleum, Inc.*, No. 1:09-CV-139, 2010 WL 3271965, at *5 (N.D. W. Va. Aug. 18, 2010) ("a fiduciary duty is considered uncommon and 'extraordinarily strict,' and is to be imposed only upon one who has agreed to support another's interests above his own.").  "As a general rule, a fiduciary relationship is established only when it is shown that

12

the confidence reposed by one person was actually accepted by the other, and merely reposing confidence in another may not, of itself, create the relationship." *State ex rel. Golden v. Kaufman* 760 S.E.2d 883, 896 (W. Va. 2014) (quoting *Elmore*, 504 S.E.2d at 899).

Plaintiff does not, and cannot, assert any facts to meet the high bar of establishing that Pressley Ridge owed him a fiduciary duty. *See*, *e.g.*, Compl., ¶ 3. As a result, Plaintiff does not, and cannot, allege facts establishing that he has a fiduciary relationship with Pressley Ridge.

Plaintiff also does not, and cannot, allege facts establishing that Pressley Ridge breached any non-existent fiduciary duty to him. Indeed, Plaintiff alleges that Pressley Ridge "had fiduciary duties to avoid harming children and to protect them from the harm at the hands of [Pressley Ridge's employees]." Compl., ¶ 96. However, Plaintiff does not, and cannot, allege that Pressley Ridge abused him. *See gen.*, Compl. As a result, Pressly Ridge did not breach any non-existent fiduciary duty to avoid harming Plaintiff. Plaintiff also does not, and cannot, allege any facts establishing that Pressley Ridge was on notice of the purported perpetrator's propensity for abuse prior to him allegedly abusing Plaintiff. Therefore, Pressley Ridge did not breach any non-existent fiduciary duty to protect Plaintiff from the alleged perpetrator.

Because Plaintiff does not, and cannot, allege any facts establishing the elements of his breach of fiduciary duty claim, Plaintiff's claim in Count 4 of the Complaint fails to state a claim against Pressley Ridge as a matter of law. Accordingly, Plaintiff's breach of fiduciary duty claim should be dismissed.

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant Pressley Ridge respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's Complaint against Pressley Ridge with prejudice.

13

Date: May 21, 2025                          Respectfully submitted,


                                            */s/ Travis L. Brannon*       
                                            Travis L. Brannon (WVSB #12504)
                                            K&L Gates LLP
                                            K&L Gates Center
                                            210 Sixth Avenue
                                            Pittsburgh, PA 15222
                                            Tel: (412) 355-6500
                                            Fax: (412) 355-6501
                                            travis.brannon@klgates.com

                                            *Counsel for Defendant Pressley Ridge*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 21st day of May, 2025, a true and correct copy of the foregoing Memorandum of Law in Support of Defendant Pressley Ridge's Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF System and will be served upon the registered participants identified on the Notice of Electronic Filing.


*/s/ Travis L. Brannon*
Travis L. Brannon