IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| S.W., | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 5:25-cv-54 |
| | ) (Judge Bailey) |
| Pressley Ridge, | ) |
|       Defendant. | ) |

**REPLY IN SUPPORT OF DEFENDANT
PRESSLEY RIDGE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Pressley Ridge, by and through its undersigned counsel, K&L Gates LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Reply in Support of its Motion to Dismiss the Complaint filed by Plaintiff S.W.

## I.    INTRODUCTION

Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Opposition") confirms that Plaintiff has no legal or factual basis for his arguments, which are based almost exclusively on conclusory, unsupported statements and are contrary to applicable law. *See gen.* Opposition. Indeed, Plaintiff fails to provide the Court with any facts or case law supporting his position and does not substantively address Pressley Ridge's arguments in support of its Motion to Dismiss, including the myriad of case law cited by Pressley Ridge.

Instead, Plaintiff relies on misstatements of law and his status as an alleged abuse victim to argue that his claims should automatically survive a motion to dismiss. That is not the law.

It is Plaintiff's burden to provide case law and factual allegations supporting his claims. His failure to do so is fatal. Because Plaintiff's claims fail as a matter of law, the Complaint should be dismissed in its entirety with prejudice.

## II.     ARGUMENT

A.     **Plaintiff's Claims Are Barred By the Statute of Limitations.**

Plaintiff's Opposition confirms that his claims against Pressley Ridge are barred by the statute of limitations.  Indeed, Plaintiff does not–because he cannot–even attempt to argue that the plain and unambiguous language of Section 55-2-15(a) permits his claims to proceed. Instead, Plaintiff's sole argument is that the legislature has some unexpressed legislative intent that all abuse claims in West Virginia against anyone in history are tolled by Section 55-2-15(a). Plaintiff's argument is not only factually incorrect, but it is contrary to the plain and unambiguous language of Section 55-2-15(a) and applicable law.

It is hornbook law that "[p]roper statutory analysis begins with the plain text of the statute.  It is well established that when a statute's language is plain, the sole function of the courts is to enforce it according to its terms."  *M&M Poultry, Inc. v. Pilgrims Pride Corp.*, No. 2:15-cv-32, 2015 WL 13841400, at *8 (N.D. W. Va. Oct. 26, 2015) (Bailey, J.) (citations and quotations omitted) ("The Supreme Court describes this rule as the one, cardinal canon before all others.  Courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") (quotations and citations omitted); *see also Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548-49 (S.D. W. Va. 2015) (quoting *Hillman v. I.R.S*, 263 F.3d 338, 342 (4th Cir. 2001)) ("The general rule is that unless there is some ambiguity in the language of the statute, a court's analysis must end with the statute's plain language. . . ."); *id*. (citing *U.S. v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988)) ("[W]hen the terms of a statute are clear, its language is conclusive and courts are not free to replace that clear language with an unenacted legislative intent.") (quotation and citation omitted).

Here, it is undisputed that (i) the language contained in Section 55-2-15(a) is plain and

unambiguous, (ii) the plain and unambiguous language of Section 55-2-15(a) does not toll Plaintiff's claims against Pressley Ridge because Plaintiff does not, and cannot, allege that Pressley Ridge "aided, abetted, or concealed" his purported abuse,[1] (iii) if the tolling provision in Section 55-2-15(a) does not apply, Plaintiff's claims against Pressley Ridge are subject to the two-year personal injury statute of limitations, and (iv) Plaintiff did not file his claims against Pressley Ridge within the applicable two-year statute of limitations.  *See* Opposition at 5-7; *see gen.* Complaint.  Therefore, Plaintiff's claims against Pressley Ridge are time-barred.  As a result, Plaintiff's claims against Pressley Ridge fail to state a claim and should be dismissed.

In an attempt to save his claims, Plaintiff argues that enforcement of the plain and unambiguous language of Section 55-2-15(a) would conflict with the purported legislative intent of the West Virginia legislature.[2]  This argument is not only contrary to applicable law, which requires the analysis to end with the clear and unambiguous language of the statute, but it is also incorrect.  *See Phillips Construction, LLC*, 93 F. Supp. 3d at 548-49.  Indeed, even when the plain and unambiguous language of Section 55-2-15(a) is applied, Section 55-2-15(a) is still a tolling provision that expands a minor victim's right to file suit.  Simply because the legislature chose not to expand a minor victim's right to file suit as broadly as Plaintiff would have liked does not mean that applying the plain and unambiguous language of Section 55-2-15(a) is inconsistent with legislative intent.  As a result, Plaintiff's argument fails.

Additionally, Plaintiff's argument that Section 55-2-15(c) nullifies Section 55-2-15(a) is nonsensical and contrary to the plain and unambiguous language of the statute as well as

---

[1] Tellingly, Plaintiff did not–because he cannot–point the Court to any allegation that Pressley Ridge "aided, abetted, or concealed" his alleged abuse.  *See gen.* Opposition.

[2] The Opposition cites an intent to protect children from sexual abuse, but does not cite to any authoritative legislative history or statements by the legislature supporting Plaintiff's position.  *See gen.* Opposition at 5-7.

3

applicable law. *See* Opposition at 6. It is well established that "statutes must be interpreted to give each word some operative effect." *South Carolina v. United States Army Corps of Eng'rs*, 66 F.4th 189, 195 (4th Cir. 2023); *see also U.S. v. Wildes*, 120 F.3d 468, 470 (4th Cir. 1997) ("We must give effect . . . to every clause and word of a statute rather than emasculate an entire section.") (quotation omitted). If Section 55-2-15(c) was interpreted as Plaintiff suggests, it would improperly gut the entirety of Section 55-2-15(a) and give it no operative effect. *See id*. Instead, the clear purpose of Section 55-2-15(c) is to confirm that Section 55-2-15(a) applies retroactively.[3]

Because it is undisputed that the plain and unambiguous language of Section 55-2-15(a) does not toll Plaintiff's claims against Pressley Ridge and Plaintiff did not file his claims against Pressley Ridge within the applicable two-year statute of limitations, Plaintiff's claims against Pressley Ridge are time-barred. Accordingly, for the reasons stated herein and in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Plaintiff's claims in Counts 1 through 4 of the Complaint fail to state a claim against Pressley Ridge as a matter of law and should be dismissed in their entirety for this reason alone.

**B.     Plaintiff's Negligence Claim (Count 1) Should Be Dismissed Because Plaintiff's Alleged Abuse Was Outside of the Perpetrator's Scope of Employment and Plaintiff Fails to Establish a Direct Negligence Claim Against Pressley Ridge.**

Plaintiff's Opposition confirms that he cannot establish the essential elements of his negligence claim.

Plaintiff does not, and cannot, dispute that Pressley Ridge is only vicariously liable for

---

[3] Tellingly, Plaintiff's argument only relies on a portion of Section 55-2-15(c) and ignores the remainder of the subsection because it does not support his argument. The entirety of Section 55-2-15(c) states "[t]he amendments to this section enacted during the 2020 Regular Session of the Legislature are intended to extend the statute of limitations for all actions whether or not an earlier established period of limitation has expired." W. Va. Code § 55-2-15(c).

the acts of its employees if those acts were committed within the course and scope of the employee's employment. *See gen.* Opposition; *see also* Memorandum at 6-7. It is also undisputed that the perpetrator's alleged sexual abuse of Plaintiff was done outside of the scope of his employment as a matter of law. *See gen.* Opposition. As a result, Pressley Ridge is not vicariously liable for Plaintiff's alleged abuse as a matter of law and Plaintiff's negligence claim fails for this reason alone.

Because Plaintiff knows that he cannot establish vicarious liability, he attempts to save his negligence claim by arguing that he is also asserting a claim for direct negligence against Pressley Ridge. Although Pressley Ridge disagrees, even if a direct negligence claim is being asserted, it also fails as matter of law because it is duplicative of–and fails for the same reasons as–Plaintiff's negligent supervision and negligent hiring, training, and retention claims.

Plaintiff also failed to cite to any case law establishing that a direct action for negligence against Pressley Ridge exists under applicable law. In fact, the main case cited by Plaintiff is a vicarious liability case that limits liability to conduct "arising from the employment relationship." *See* Opposition at 8 (quoting *Travis v. Alcon Labs, inc.*, 504 S.E.2d 419, 432 (W. Va. 1998)) ("[a]n employer must do what it can to prevent outrageous conduct ***arising from the employment relationship***, and must respond swiftly and effectively to complaints of such conduct.") (emphasis added); *see also Crawford v. McDonald*, No. 21-0732, 2023 WL 2729675, at * 7 (W. Va. March 31, 2023).

Accordingly, for the reasons stated herein and in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Plaintiff's negligence claim in Count 1 of the Complaint fails to state a claim against Pressley Ridge and should be dismissed for this reason as well.

### C.   Plaintiff's Negligent Supervision Claim (Count 2) Should Be Dismissed Because Plaintiff Fails to Establish the Requisite Elements.

Plaintiff's Opposition confirms that he cannot establish the essential elements of his negligent supervision claim.

Indeed, Plaintiff argues that his negligent supervision claim is saved by the West Virginia Supreme Court's recent decision in *Camden-Clark*, which holds that a negligent supervision claim may be based on intentional conduct. *See* Opposition at 9-10 (citing *Camden-Clark Mem'l Hosp. Corp. v. Marietta Area Healthcare, Inc.*, No. 23-569, 2025 W. Va. LEXIS 175 (May 14, 2025)). Although Plaintiff accurately describes the holding of *Camden-Clark,* despite Plaintiff's suggestion otherwise, the analysis does not end there. *Camden-Clark Mem'l Hosp. Corp.*, 2025 W. Va. LEXIS at *8-9.

In *Camden-Clark*, the Supreme Court of Appeals of West Virginia went to great lengths to clarify that an employer only has a duty to supervise an employee–regardless of whether the employee's underlying act was negligent or intentional–when "the employer knew or reasonably should have known that its failure to supervise its employee would result in the harm that occurred." *Id*. at *8-16.

Plaintiff does not, and cannot, direct the Court to any facts in the Complaint establishing that Pressley Ridge had any knowledge or notice of the perpetrator's alleged abusive propensities prior to Plaintiff's alleged abuse. *See gen*. Complaint; *see gen.* Opposition. Indeed, it is undisputed that the Complaint is devoid of any allegation of a prior instance of abuse by the perpetrator that would have put Pressley Ridge on notice of his alleged abusive propensities. *See gen.* Complaint; *see gen.* Opposition. Thus, *Camden-Clark* does not save Plaintiff's negligent supervision claim.

Instead, Plaintiff's failure to allege facts sufficient to state a cause of action for negligent

6

supervision is fatal. Accordingly, for the reasons stated herein and in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Plaintiff's negligent supervision claim in Count 2 of the Complaint fails to state a claim against Pressley Ridge as a matter of law and should be dismissed for this reason as well.

**D.     Plaintiff's Negligent Hiring, Training, and Retention Claim (Count 3) Should Be Dismissed Because Plaintiff Fails to Establish the Requisite Elements.**

Plaintiff's Opposition confirms that he cannot establish the essential elements of his negligent hiring, training, and retention claim.[4]

Indeed, Plaintiff provides a non-substantive, one paragraph response to Pressley Ridge's arguments regarding his negligent hiring, training and retention claim. Plaintiff's sole argument against dismissal of this claim is that his negligent hiring, training, and retention claim should automatically survive a motion to dismiss because negligent hiring, negligent training, and negligent retention are recognized causes of action in West Virginia. *See* Opposition at 9-10. That is not the law. Instead, it is Plaintiff's burden to establish that he has alleged facts sufficient to state a cause of action for negligent hiring, training, and retention against Pressley Ridge. Because he does not, and cannot, do so, his negligent hiring, training, and retention claim fails as a matter of law.[5]

Accordingly, for the reasons stated herein and in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Plaintiff's negligent hiring, training, and retention claim in

---

[4] As explained in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, negligent hiring, negligent training, and negligent retention are separate causes of action under West Virginia law. *See* Memorandum at 8-9. Plaintiff did not address this argument and continues to argue these claims together. Pressley Ridge maintains that these are separate causes of action and that Plaintiff has failed to establish each one as a matter of law. *See id*.

[5] Pressley Ridge did not argue that claims for negligent hiring, negligent training, and negligent retention are not recognized in West Virginia. *See gen.* Memorandum. Plaintiff does not, and cannot, dispute any of the arguments raised in Pressley Ridge's Memorandum in Support of its Motion to Dismiss or distinguish any of the case law cited therein supporting dismissal of Plaintiff's negligent hiring, training, and retention claim. *See gen.* Opposition.

Count 3 of the Complaint fails to state a claim against Pressley Ridge as a matter of law and should be dismissed for this reason as well.

### E.    Plaintiff's Breach of Fiduciary Duty Claim (Count 4) Should Be Dismissed Because Plaintiff Fails to Establish the Requisite Elements.

Plaintiff's Opposition confirms that he cannot establish the essential elements of his breach of fiduciary duty claim.

It is undisputed that a "fiduciary duty . . . is the highest standard of duty implied by law." *Elgin Separation Sols., LLC v. Dillon*, No. 2:23-cv-00440, 2024 WL 3553850, at 18-19 (S.D. W. Va. July 25, 2024) (quoting *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893, 898 (W. Va. 1998)). Despite this admission, Plaintiff does not, and cannot, cite to any case law imposing a fiduciary duty on an employer in a similar factual scenario. *See* Opposition at 10. Instead, the only case that Plaintiff cites in support of his argument is inapposite because it holds that there is not a fiduciary relationship between a bank and its customers. *See* Opposition at 10 (citing *Dale v. Peoples Bank Corp.*, No. 1:24-cv-50, 2025 WL 904464, at *4 (N.D. W. Va. March 25, 2025)). It is Plaintiff's burden to plead facts establishing the existence of a fiduciary relationship under applicable law. Plaintiff's failure to do so is fatal to his breach of fiduciary duty claim.

Plaintiff's breach of fiduciary duty claim also fails because Plaintiff does not, and cannot, point the Court to any facts in the Complaint establishing that Pressley Ridge breached any non-existent fiduciary duty to him.

Therefore, Plaintiff's claim in Count 4 of the Complaint fails to state a claim against Pressley Ridge as a matter of law. Accordingly, for the reasons stated herein and in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Plaintiff's breach of fiduciary duty claim in Count 4 of the Complaint should be dismissed for this reason as well.

### III.  CONCLUSION

For all of the foregoing reasons, as well as the reasons stated in Pressley Ridge's Memorandum in Support of its Motion to Dismiss, Pressley Ridge respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Plaintiff's Complaint against Pressley Ridge with prejudice.

Date: June 11, 2025                                          Respectfully submitted,

/s/ Travis L. Brannon
Travis L. Brannon (WVSB #12504)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel: (412) 355-6500
Fax: (412) 355-6501
travis.brannon@klgates.com

*Counsel for Defendant Pressley Ridge*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of June, 2025, a true and correct copy of the foregoing Reply in Support of Defendant Pressley Ridge's Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of Court using the CM/ECF System and will be served upon the registered participants identified on the Notice of Electronic Filing.

*/s/ Travis L. Brannon*
Travis L. Brannon