## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Wheeling

S.W.,

          Plaintiff,

    v.                               **CIVIL ACTION NO. 5:25-CV-54**
                                           Judge Bailey

**PRESSLEY RIDGE,**

          Defendant.

### ORDER

Pending before this Court is Defendant Pressley Ridge's Motion to Dismiss Plaintiff's Complaint [Doc. 5] and accompanying Memorandum of Law in Support [Doc. 6], filed May 21, 2025. Plaintiff filed a Brief in Opposition [Doc. 9] on June 4, 2025. Defendant filed a Reply in Support [Doc. 10] on June 11, 2025. This matter is now ripe for adjudication. For the reasons that follow, this Court will grant defendant's Motion.

### BACKGROUND

This case involves plaintiff's allegations of repeated sexual abuse and rape perpetrated against him by an employee[1] of defendant while he was a minor housed at defendant's facility in 2004/2005. *See generally* [Doc. 1]. Plaintiff was housed at

_____

[1] Defendant argues it is unable to determine the identity of the accused individual and whether it employed the accused because the accused is not identified by his full name in the Complaint. *See* [Doc. 6 at 2, n.2]. However, the Complaint alleges: "Abuser George was a house counselor at Pressley Ridge and served as an employee/agent of the Defendant." [Doc. 1 at ¶ 51]. Accepting the allegations as true in the Complaint, for purposes of this Motion, this Court accepts as true that "Abuser George" was an employee of defendant.

1

defendant's facility in Walker, West Virginia, for approximately nine (9) months in 2004/2005, when he was approximately fifteen (15) years old. [Id. at ¶ 49]. Plaintiff alleges the sexual abuse took place approximately every weekend while plaintiff was housed at defendant's facility. [Id. at ¶ 52]. Plaintiff alleges on weekends, when plaintiff was alone in his room, Chief George[2] would come into his room and touch him on his buttocks and genitals overtop and underneath his clothing. [Id. at ¶ 53]. Plaintiff alleges this touching involved Chief George digitally penetrating plaintiff's anus. [Id.].

Moreover, the Complaint alleges Chief George would force plaintiff to expose his genitals and masturbate in front of him; would expose his genitals to plaintiff; and forced plaintiff to touch his genitals as well. [Id. at ¶ 54]. Plaintiff alleges the abuse escalated to include Chief George performing oral sex on plaintiff, and plaintiff was forced to perform oral sex on Chief George. [Id. at ¶ 55]. Plaintiff also alleges Chief George raped plaintiff by inserting his penis into plaintiff's anus. [Id. at ¶ 56].

Plaintiff asserts Chief George would threaten to take away his outside and television privileges if he did not comply with the abuse and when plaintiff would comply, Chief George would bring plaintiff new clothes and shoes, as well as allow him to pick out his food for the weekend and cook. [Id. at ¶¶ 57–58].

On March 7, 2025, plaintiff commenced this action asserting four (4) causes of action: Negligence (Count 1); Negligent Supervision (Count 2); Negligent Hiring, Training, and Retention (Count 3); and Breach of Fiduciary Duty (Count 4). *See* [id. at ¶¶ 79–98].

---

[2] Plaintiff alleges that "Chief George" abused him. Chief George is also referred to as Abuser George or Abuser throughout the Complaint. *See generally* [Doc. 1].

## STANDARD OF REVIEW

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (applying the *Twombly* standard and emphasizing the necessity of *plausibility*).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Twombly*, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible.").

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 Fed.App'x. 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into

3

one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 Fed.App'x. 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

## DISCUSSION

### A.    Plaintiff's claims are barred by the statute of limitations.

Plaintiff's claims are subject to the two-year personal injury statute of limitations, unless plaintiff can establish that a tolling provision applies. W.Va. Code § 55-2-12 ("Every personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries. . . .").

Based on the allegations in the Complaint, plaintiff is relying on the tolling statute for sexual abuse of minors set forth in Section 55-2-15(a) of the West Virginia Code to argue that his claims are timely. [Doc. 1 at ¶¶ 6, 50]. Section 55-2-15(a) of the West Virginia Code provides for two (2) distinct circumstances under which the statute of limitations may be tolled in actions seeking damages for the sexual assault or abuse of a minor:

A personal action for damages resulting from sexual assault or sexual abuse of a person who was an infant at the time of the act or acts alleged, *shall be brought against the perpetrator* of the sexual assault or sexual abuse, within 18 years after reaching the age of majority, or within four years after discovery of the sexual assault or sexual abuse, whichever is longer. A personal action for damages resulting from sexual assault or sexual abuse

4

of a person who was an infant at the time of the act or acts alleged *shall be brought against a person or entity which aided, abetted, or concealed* the sexual assault or sexual abuse within 18 years after reaching the age of majority.

(emphasis added).

Therefore, in order to establish that the two-year statute of limitations in Section 55-2-12 of the West Virginia Code is tolled for plaintiff's claims against defendant, plaintiff must establish that defendant "aided, abetted, or concealed" the sexual assault or abuse.

The Complaint does not contain any form of the words "aided," "abetted," or "concealed," let alone allege any facts establishing defendant "aided, abetted, or concealed" plaintiff's alleged sexual assault or abuse. *See generally* [Doc. 1].

In Response, plaintiff argues the claims are timely and within the statute of limitations. *See* [Doc. 9 at 5–7]. Plaintiff argues the enforcement of the plain and unambiguous language of Section 55-2-15(a) of the West Virginia Code would conflict with the purported legislative intent of the West Virginia legislature. [Id. at 5–6]. Plaintiff also argues Section 55-2-15(c) of the West Virginia Code nullifies Section 55-2-15(a) of the West Virginia Code. [Id. at 6].

It is hornbook law that "[p]roper statutory analysis begins with the plain text of the statute. . . . It is well established that when a statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms. . . . The Supreme Court describes this rule as the one, cardinal canon before all others. . . . Courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *M&M Poultry, Inc. v. Pilgrims Pride Corp.*, 2015 WL 13841400, at *8 (N.D. W.Va. Oct.

26, 2015) (Bailey, J.) (citations and quotations omitted); *see also **Hillman v. I.R.S***, 263 F.3d 338, 342 (4th Cir. 2001) ("The general rule is that unless there is some ambiguity in the language of the statute, a court's analysis must end with the statute's plain language. . . ."); ***United States v. Morison***, 844 F.2d 1057, 1064 (4th Cir. 1988) ("[W]hen the terms of a statute are clear, its language is conclusive and courts are not free to replace that clear language with an unenacted legislative intent.") (cleaned up) (quotation and citation omitted).

First, plaintiff's argument regarding enforcement of Section 55-2-15(a) is contrary to the plain and unambiguous language of Section 55-2-15(a) of the West Virginia Code and applicable law. The language contained in Section 55-2-15(a) of the West Virginia Code does not toll plaintiff's claims against defendant because plaintiff does not, and cannot, allege that defendant "aided, abetted, or concealed" his alleged abuse.[3] The fact that the legislature did not extend a minor victim's right to file suit as broadly as plaintiff now urges does not render the application of the plain and unambiguous language of Section 55-2-15(a) of the West Virginia Code inconsistent with legislative intent.

---

[3] Tellingly, in his Response, plaintiff did not point this Court to any allegation in the Complaint that defendant "aided, abetted, or concealed" his alleged abuse. *See generally* [Doc. 9]. The only mention of the words "aided," "abetted," and/or "concealed" in plaintiff's Response are when he argues that "[a] strong argument can be made that facts showing the Defendant, who has a non-delegable duty to care for children at its institution and monitor the employees interacting with these children, was negligent in its hiring, training, monitoring, and oversight of its institution constitutes aiding, abetting, and/or concealing the harm suffered by Plaintiff as contemplated by The Act." [Id. at 7]. However, the Complaint does not allege anywhere that defendant aided, abetted or concealed plaintiff's alleged abuse.

Because the tolling provision in Section 55-2-15(a) does not apply, plaintiff's claims against defendant are subject to the two-year personal injury statute of limitations. As a result, plaintiff's claims are untimely.

Second, plaintiff's argument that Section 55-2-15(c) nullifies Section 55-2-15(a) is nonsensical and contrary to the plain and unambiguous language of the statute as well as applicable law. Section 55-2-15(c) reads in full:

> The amendments to this section enacted during the 2020 Regular Session of the Legislature are intended to extend the statute of limitations for all actions whether or not an earlier established period of limitation has expired.

If Section 55-2-15(c) was interpreted as plaintiff suggests, it would gut the entirety of Section 55-2-15(a) and give it no operative effect. The clear purpose of Section 55-2-15(c) is to confirm that Section 55-2-15(a) applies retroactively.

This Court finds that Section 55-2-15(a) does not toll plaintiff's claims against defendant and that plaintiff did not file his claims against defendant within the applicable statute of limitations. Therefore, plaintiff's claims against defendant are time-barred and must be dismissed.

## CONCLUSION

Defendant Pressley Ridge's Motion to Dismiss Plaintiff's Complaint [**Doc. 5**] is **GRANTED**. Plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: June 13, 2025.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**